# THE ATTORNEY GENERAL
## OF TEXAS
ATTORNEY GENERAL



April 18, 1968

Honorable J. R. Singleton
Executive Director
Texas Parks and Wildlife Dept.
John H. Reagan Building
Austin, Texas 78701

Opinion No. M-219

Re: Construction of rider in
appropriation to Parks and
Wildlife Department, Article
III, Senate Bill 15, Acts
60th Legislature, 1967,
Chapter 784, p. 2208, and
related question.

Dear Mr. Singleton:

By recent letter with attached appendix you have requested an opinion from this office. We quote, in part, from your letter as follows:

"The Parks and Wildlife Department is seeking the opinion of your office regarding the proper expenditure of funds from Item No. 13F in the Parks and Wildlife Section of the General Appropriation Act, Acts 1967, 60th Legislature, Regular Session, Senate Bill 15, which we quote as follows:

"'F. Acquisition, restoration, and maintenance of historical structures and sites - $250,000.'

"The next item we would like to call to your attention is the next to the last paragraph of the Special Parks and Wildlife Department Provisions that is appropriate to this section as follows:

"'The appropriation made in Item 13F above is to be expended for the acquisition, restoration, and maintenance of the following historical sites listed in order of their priority: Leaton, McKavett, Lancaster, Griffin, Concho and Richardson. No money is to be spent for

- 1049 -

the restoration and maintenance until the State of Texas shall have acquired valid legal title to such sites.'

"The Department's statutory responsibility for this program is House Bill 58, codified in the Vernon's Annotated Civil Statutes as Article 6081s, which became effective August 28, 1967 or ninety (90) days after the date of adjournment of the 60th Legislature. . . .

". . .Therefore, we respectfully request your opinion on the following questions:

"1.   We have determined that the State cannot acquire valid legal title to one of the historical sites listed; therefore, can said appropriation be expended for acquisition, restoration, and maintenance of parks listed after it in the order of priority shown in said rider?

". . .

"2.   Can the appropriation be used for restoration and maintenance on any of the historical sites listed in the rider without regard to the order of priority shown in the rider?

". . .

"3.   Can said appropriation be expended for any or all of the following:

"A.   Expenditures for restoration of historical structures and sites:

"1.   Archaeological excavation contracts.
"2.   Historical Research contracts.
"3.   Salaries for Historical Research Technicians and Travel Expense.
"4.   Architect's and Engineer's Professional services.
"5.   Engineering surveys; boundary surveys; topographic and planimetric and similar work.
"6.   Consumable supplies and materials, including small tools and building materials.

"7. Purchase of equipment, including trucks, large tools and display cases.

"8. Construction of Fort Buildings by contract or force account (wages, materials and other expenses).

"9. Construction of water system, electric system, signs, fences, roads, parking areas; by contract and/or by force account (wages, materials and other expenses).

"10. Landscaping, including walks, benches, ditching, plants and trees; by contract and/or by force account (wages, materials and other expenses).

"B. Expenditures for maintenance of historical structures and sites:

"1. Salaries of Park Attendant, Grounds-keeper, Watchman and/or Caretaker.

"2. Wages for maintenance work.

"3. Consumable supplies and materials, including small tools.

"4. Current and recurring operating expenses, as listed and described in Comptroller's Object Classification Codes 10, 11, 13, 14, 15, 16, 20, 21, 22, 23, 24, 26 and 28.

"5. Purchase of equipment, including mowers.

"6. Construction of public sanitation facilities (including field lines and septic tanks); by contract and/or by force account (wages, materials, and other expenses)."

Subsections (b) and (c) of Section 1 of Article 6081s, Vernon's Civil Statutes, referred to in your letter are quoted as follows:

"(b) The Parks and Wildlife Department shall restore and maintain each structure or site acquired under Subsection (a) of this section for the benefit of the general public. The department may enter into one or more interagency contracts for the purpose of restoring or maintaining a structure or site.

"(c) The department shall use the money pro-
vided in the General Appropriations Act for this
purpose to pay for the restoration and maintenance
of each structure or site acquired under Subsection
(a) of this section. The department shall also
prescribe and collect a nominal fee for admission
to every structure and site and shall use all ad-
mission fees collected to pay for the restoration
and maintenance of structures and sites."

Article 6081s, which is quoted in part above, is a
general statute authorizing the Parks and Wildlife Department
to acquire by purchase, gift or otherwise, five classes of
historical structures or sites, and restore and maintain these
sites when acquired. There is no requirement specifying the
priority of restoration or acquisition of the structures or
sites in this statute. In fact, the language of Article 6081s
places the discretion as to the acquisition and restoration of
the classes of historical structures or sites in the Parks and
Wildlife Department. Article 6081s evidences an intent on the
part of the Legislature to give the Parks and Wildlife Department
broad authority in determining historical value, and broad au-
thority in acquiring and restoring these structures and sites
for benefit of the general public.

The rider in the Appropriations Act, quoted in your
letter, attempts to set up an order of priority in acquiring,
restoring and maintaining specific historical sites. In this
regard, the rider attempts to amend Article 6081s. This office
has held on numerous occasions that when a conflict exists be-
tween a general statute and a rider in the Appropriations Act,
then the latter must yield. Attorney General's Opinion V-1304
(1949); C-119 (1963); and numerous authorities cited therein.

It is therefore our opinion that the Parks and Wild-
life Department is authorized by Article 6081s to utilize its
discretion in acquiring and restoring, etc., the various historical
structures and sites in this State, subject of course to the specific
appropriated amount of money as specified in Senate Bill 15, and
quoted in your letter.

Question three includes a listing of the specific res-
toration and maintenance items thought to be necessary by your
Department once a historical site is acquired. Article 6081s
clearly seems broad enough to authorize the Parks and Wildlife
Department to take any and all necessary steps to fully restore
and maintain any historical site once the Department has exercised
its discretion and acquired same.

It is our further opinion that the items set out in your request are authorized once a site is acquired and such items are necessary to fully restore and maintain same.

### S U M M A R Y

The rider which provides priorities as to certain historical sites, contained in the General Appropriation Bill, for the Parks and Wildlife Department to follow, (Acts 60th Legislature, 1967, Chapter 784, Article III, p. 2208), is invalid, since it necessarily conflicts with Article 6081s, Vernon's Civil Statutes, which gives the Parks and Wildlife Department broad discretion in designating, acquiring, restoring, and maintaining State historical structures and sites.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Pat Bailey
Neil Williams
John Fainter

A. J. CARUBBI, JR.
Executive Assistant